UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 3:19-cv-50 |
| | ) | |
| UNKNOWN HEIRS, DEVISEES, LEGATEES, | ) | |
| SUCCESSORS, EXECUTORS, ADMINISTRATORS, | ) | |
| PERSONAL REPRESENTATIVES, GUARDIANS, | ) | |
| TRUSTEES, RECEIVERS, GRANTEES AND | ) | |
| LESSEES OF ARTHUR H. PATRICK, DECEASED; | ) | |
| UNKNOWN HEIRS, DEVISEES, LEGATEES, | ) | |
| SUCCESSORS, EXECUTORS, ADMINISTRATORS, | ) | |
| PERSONAL REPRESENTATIVES, GUARDIANS, | ) | |
| TRUSTEES, RECEIVERS, GRANTEES AND | ) | |
| LESSEES OF MARY L. PATRICK, DECEASED; | ) | |
| PAUL PATRICK, LAWRENCE PATRICK; | ) | |
| and UNKNOWN OWNERS & NON- RECORD | ) | |
| CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## C O M P L A I N T

The Plaintiff, United States of America, on behalf of its agency, Secretary of Housing and Urban Development, its successors and assigns, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, and states:

### JURISDICTION/VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 12 U.S.C. § 1715, et seq., and venue is properly lodged in this Court.

### COUNT I (Action for Debt)

As claim against the Borrowers, Arthur H. Patrick (deceased) and Mary L. Patrick

(deceased), the Plaintiff asserts:

1.      On or about April 16, 1992, the Borrowers, Arthur H. Patrick (deceased) and Mary L. Patrick (deceased) executed and delivered to Merchants Mortgage Corporation, an Indiana Corporation, a Note, said Note has not been located and the Indemnification of Lost Note is attached hereto as Exhibit A.

2.      Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, Arthur H. Patrick (deceased) and Mary L. Patrick (deceased), executed and delivered to Merchants Mortgage Corporation, an Indiana Corporation, a mortgage and an Adjustable Rate Home Equity Conversion Mortgage, attached hereto as Exhibit B, re-recorded on August 3, 1993 in Instrument #67778.

3.      On or about August 31, 1995, Merchants Mortgage Corporation, an Indiana Corporation, conveyed and assigned its interest in the Note and Mortgage to Wendover Funding, attached hereto as Exhibit C, recorded on September 12, 1995, as Instrument #1995R-007759.

4.      On or about July 16, 2001, Wendover Financial Services Corporation, conveyed and assigned its interest in the Note and Mortgage to Lehman Capital, attached hereto as Exhibit D, recorded on August 13, 2001, as Instrument #2001R-009811.

5.      On or about January 30, 2003, Lehman Capital, conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing & Urban Development, an agency of the United States of America, attached hereto as Exhibit E, recorded on February 12, 2003, as Instrument #2003R-002486.

6.      The Borrower, Arthur H. Patrick, died on January 19, 1998, leaving any interest that he had in the subject real estate to his heirs at law.   A copy his Death Certificate is attached

2

hereto as Exhibit F.

7.      The Borrower, Mary L. Patrick, died on April 17, 2013, leaving any interest that she had in the subject real estate to her heirs at law.   A copy her Death Certificate is attached hereto as Exhibit G.

8.      Said Borrowers defaulted under the terms of the Adjustable Rate Note and Home Equity Conversion Mortgage, and/or otherwise defaulted in regard to their obligations to Plaintiff under the provisions of the documents attached as Exhibits A, B, C, D, and E.

9.      All conditions precedent to the assertion of this cause of action against the said Borrowers, Arthur H. Patrick (deceased) and Mary L. Patrick (deceased), have been satisfied and/or occurred.

10.      As of February 28, 2019, the balance of the indebtedness of the Borrowers and the subsequent interest accrual to the date of judgment is the following with respect to the attached debt instruments:

| **Designation** | **Balance** | **Per Diem Interest Accrual** |
| --- | --- | --- |
| Exhibits A and B | $128,081.02 | $14.47 |

A Statement of Account is attached hereto as Exhibit H.

WHEREFORE, Plaintiff respectfully prays that the Court:

A.      Enter judgment **in rem** in favor of the Plaintiff and against all Defendants, unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Arthur H. Patrick (deceased); and the unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Mary L. Patrick

(deceased); Paul Patrick, Lawrence Patrick; and unknown owners and non-record claimants, in the principal amount of $37,809.94, together with interest thereon through February 29, 2019, in the amount of $72,287.31, plus service charge in the amount of $8,095.00, plus MIP in the amount of $9,888.77, plus interest at the rate of $14.47 per day from and after February 29, 2019, until the date of entry of judgment, plus such further costs and expenses as may be incurred to the date of judgment, and all other costs herein without relief from valuation or appraisement laws;

B.      Provide the Plaintiff with such other and further relief as is just and proper in the premises.

### COUNT II (Action for Mortgage Foreclosure)

As claim against the Defendants, unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Arthur H. Patrick (deceased); the unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Mary L. Patrick (deceased); Paul Patrick, Lawrence Patrick; and unknown owners and non-record claimants, the Plaintiff asserts:

1.      To secure the indebtedness evidenced by Exhibit A, the Borrowers, Arthur H. Patrick (deceased) and Mary L. Patrick (deceased), executed and delivered to Merchants Mortgage Corporation, an Indiana Corporation, an Adjustable Rate Home Equity Conversion Mortgage (hereinafter referred to as "Mortgage") dated April 16, 1992, on certain real estate described as follows:

4

**TEN (10) ACRES OF EVEN WIDTH OFF THE EAST SIDE OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION SEVENTEEN (17), TOWNSHIP FOUR (4) SOUTH, RANGE SIX (6) WEST.**

**Commonly known as:**          **7233 Lauderdale Road**
                                          **Dale, IN 47523**

2.        Said Mortgage was duly re-recorded on August 6, 1993, as Number 67778, Mtg file 3, Card 19766, in the Office of the Recorder of Warrick County. A True and accurate copies of said Mortgage is attached hereto as Exhibit B.

3.        On or about August 31, 1995, Merchants Mortgage Corporation, conveyed and assigned its interest in the Note and Mortgage to Wendover Funding, attached hereto as Exhibit C. The Assignment of Mortgage was duly recorded on September 12, 1995 as Document No. 1995R-007759, in the Office of the Recorder of Warrick County.

4.        On or about July 16, 2001, Wendover Financial Services Corporation, conveyed and assigned its interest in the Note and Mortgage to Lehman Capital, attached hereto as Exhibit D. The Assignment of Mortgage was duly recorded on August 13, 2001 as Document No. 2001R-009811, in the Office of the Recorder of Warrick County.

5.        On or about January 30, 2003, Lehman Capital, conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing & Urban Development, an agency of the United States of America, attached hereto as Exhibit E. The Assignment of Mortgage was duly recorded on February 12, 2003 as Document No. 2003R-002486, in the Office of the Recorder of Warrick County.

6.        The Borrower, Arthur H. Patrick, died on January 19, 1998, leaving any interest that he had in the subject real estate to his heirs at law.   A copy his Death Certificate is attached hereto as Exhibit F.

7.      The Borrower, Mary L. Patrick, died on April 17, 2013, leaving any interest that she had in the subject real estate to her heirs at law.   A copy her Death Certificate is attached hereto as Exhibit G.

8.      Plaintiff is the holder/owner of the Note and Mortgage.

9.      Borrowers, Arthur H. Patrick (deceased) and Mary L. Patrick (deceased), defaulted under the terms of the Note and Mortgage, and/or otherwise defaulted in regard to their obligations to Plaintiff under the provisions of the Note and Mortgage and the entire indebtedness of the Borrowers is now due.

10.     All conditions precedent to the assertion of this cause of action against the said Borrowers and Defendants have been satisfied and/or has occurred.

11.     The defendants, other than the Borrowers designated in this action purports to have interest in the real estate described in Exhibit B, are named as defendants to answer the extent of their interest.

12.     Warrick County, Indiana may claim to have liens on the subject real estate in real property taxes either delinquent or not yet due and payable – or both; however, because said liens are not subject to foreclosure in this suit, Warrick County has not been joined in this suit, and the real estate shall remain subject to said liens subsequent to the foreclosure sought herein.

13.     The City of Boonville, Indiana may claim to have liens on the subject property in regard to assessed delinquent municipal sewer obligations; however, because said liens are not subject to foreclosure in this suit, that entity has not been joined in this suit, and the real estate shall remain subject to said liens subsequent to the foreclosure sought herein.

**WHEREFORE**, Plaintiff respectfully prays that the Court:

6

A.      Declare Plaintiff's Real Estate Mortgage to be a valid, first and subsisting lien on the real estate superior to all claims, liens or interests asserted or which may be asserted against the real estate by the named Defendants, unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Arthur H. Patrick (deceased); the unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Mary L. Patrick (deceased); Paul Patrick, Lawrence Patrick; and unknown owners and non-record claimants;

B.      Enter an Order foreclosing the Real Estate Mortgage of Plaintiff on the real estate and foreclosing and barring all of the Defendants' equity of redemption and interest in the real estate and directing the sale of the real estate pursuant to applicable law in order to pay the judgment of Plaintiff, with the proceeds of said sale to be first applied to the indebtedness of the Plaintiff secured by the Real Estate Mortgages hereby foreclosed, and with any then-remaining overplus paid to the Clerk of the Court to be disposed of as the Court shall direct;

C.      Provide the Plaintiff with such other and further relief as is just and proper in the premises.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney


By:      *s/ John E. Childress*
John E. Childress
Assistant United States Attorney
Office of the United States Attorney
10 West Market, Suite 2100
Indianapolis, Indiana 46204

## INDEMNIFICATION OF LOST NOTE

DATED: 01/28/2003

Gentlemen:

The undersigned are the beneficiaries under that certain Mortgage executed by Arthur H. Patrick and Mary Louise Patrick, Husband and Wife, To, Merchants Mortgage Corporation An Indiana Corporation, in our favor, dated the 16TH day of April, 1992, and recorded on the 22ND day of April, 1992 referenced as/in 51749 and Re-Recorded on the 6TH day of August, 1993 referenced as/in 67778, File 3 Card 19766, in the office of County Recorder, located in Warrick County , in the State of Indiana.

It is hereby certified that although a diligent search has been made for the original note, which was secured by, said Deed of Trust that the same has been lost and cannot be found.

The undersigned hereby affirms that no further action will be taken to collect sums on said Note.

The undersigned hereby agree to hold and save said harmless from and against any and all liability and loss it may suffer by reason of the fact that it is accepting an assignment of the property covered by the trust deed which secured said note.

ASSIGNOR:     LEHMAN CAPITAL, A DIVISION OF LEHMAN BROTHERS HOLDINGS, INC., A
              DELAWARE CORPORATION

By: _____
Name: _____
Title: _____

This document sent by:
WENDOVER FINANCIAL SERVICES CORP.
Reverse Mortgage HUD Assignments
725 N. Regional Road
Greensboro, NC  27409

GOVERNMENT
EXHIBIT

A

67778   *my* FILE 3   CARD 19766

RECORDS
Aug 6  9 57 AM '93

SHANNON WEISHEIT
RECORDER OF
WARRICK COUNTY, IN.

51749

RECORDED
APR 22  8 43 AM '92

VIRGINIA STRAHLE
RECORDER OF
WARRICK COUNTY, IN.

$0.00
$22.00

—————————————— (Space Above This Line For Recording Data) ——————————————

State of Indiana

# MORTGAGE

FHA Case No.

THIS MORTGAGE ("Security Instrument") is given on    April 16                    , 19 92 .
The Mortgagor is Arthur H. Patrick and Mary Louise Patrick, Husband and Wife

whose address is   R.R.2 Box 393, Dale Indiana  47523
                                        , ("Borrower"). This Security Instrument is given to

Merchants Mortgage Corporation An Indiana Corporation
which is organized and existing under the laws of The State Of Indiana                        , and whose
address is   P.O. Box 5138 201 S.Capitol, Indianapolis, Indiana 46255
                                        , ("Lender"). Borrower owes Lender the principal sum of
Sixty One Thousand Eight Hundred
Dollar (U.S. $     61,800.00     ). This debt is evidenced by Borrower's Note dated the same date as this Security Instrument
("Note"), which provides for the full debt, if not paid earlier, due and payable upon the event that the property securing
this instrument is no longer the Borrower's principal residence. Borrower has agreed to repay to Lender amounts which
Lender is obligated to advance, including future advances, under the terms of a Loan Agreement dated the same date
as this Security Instrument. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
Note, with interest, and all renewals, extensions & modifications, (b) the payment of all other sums, with interest, advanced
under paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property
located in   Warrick              County:
     Ten (10) acres of even width off the East side of the Northwest
     Quarter of the Southwest Quarter of Section Seventeen (17), Township
     Four (4) South, Range Six (6) West.

which has the address of                                                        (Street, City),
Indiana                    (Zip Code), ("Property Address");

   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or
hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All
of the foregoing is referred to in this Security Instrument as the "Property."

   BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage,
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower
warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances
of record.

   1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on,
the debt evidenced by the Note.

   2. Payment of Property Charges. Borrower shall pay all property charges consisting of a) taxes, ground rents. b)
flood and hazard insurance premiums, and c) assessments in a timely manner, and shall provide evidence of payment
to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower, or
by charging such payments to a line of credit as provided for in the Loan Agreement.

   Each monthly installment for items (a), (b), and (c) shall equal one-twelfth of the annual amounts, as reasonably
estimated by Lender, plus an amount sufficient to maintain an additional balance of not more than one-sixth of the
estimated amounts. The full annual amount for each item shall be accumulated by Lender within a period ending one
month before an item would become delinquent. Lender shall hold the amounts collected in trust to pay items (a), (b),
and (c) before they become delinquent.

GOVERNMENT
EXHIBIT
B

If at any time the total of the payments held by Lender for items (a), (b), and (c), together with the future monthly payments for such items payable to Lender prior to the due dates of such items exceeds by more than one-sixth the estimated amount of payments required to pay such items when due, and if payments on the Note are current, then Lender shall refund payments(by Borrower, at the option of Borrower. If the total of the payments made by Borrower for items (a), (b), or (c) is insufficient to pay the item when due, then Borrower shall pay to Lender any amount necessary to make up the deficiency on or before the date the item becomes due.

As used in this Security Instrument, "Secretary" means the Secretary of Housing and Urban Development or his or her designee. Most Security Instruments insured by the Secretary are insured under programs which require advance payment of the entire mortgage insurance premium. If this Security Instrument is or was insured under a program which did not require advance payment of the annual mortgage insurance premium, then each monthly payment shall also include either: (i) an installment of the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary. Each monthly installment of the mortgage insurance premium shall be in an amount sufficient to accumulate the full annual mortgage insurance premium with Lender one month prior to the date the full annual mortgage insurance premium is due to the Secretary, or if the Security Instrument is held by the Secretary, each monthly charge shall be in an amount equal to one-twelfth of one-half percent of the outstanding principal balance due on the Note.

If Borrower tenders to Lender the full payment of all sums secured by this Security Instrument, Borrower's account shall be credited with the balance remaining for all installments for items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender and the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Borrower and to Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**4. Preservation and Maintenance of the Property, Leaseholds.** Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the property if the property is vacant or abandoned or the loan is in default.

Lender may take reasonable action to protect and preserve such vacant or abandoned property. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**5. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

**6. Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the property or for conveyance in place of condemnation shall be paid to Lender and Borrower jointly. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary to the Property, and then to the reduction of indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**(b) Relationship for First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note secured by this Security Instrument unless:

    (i) This Security Instrument is assigned to the Secretary; or

    (ii) The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments but excluding late charges paid by the Secretary, shall be included in the debt.

**(c) Effect on Borrower.** Where there is no assignment or reimbursement as described in (b) (i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

    (i) Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note held by Secretary and secured by the Second Security Instrument; or

    (ii) Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

**(d) No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

**14. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**15. Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. An assignment made in accordance with the regulations of the Secretary shall fully relieve the Lender of its obligations under this Security Instrument. Borrower may not assign any rights or obligations under this Security Instrument or under the Note. Borrower's covenants and agreements shall be joint and several.

**16. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given Borrower or Lender when given as provided in this paragraph.

**17. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**18. Borrower's Copy.** Borrower shall be given one conformed copy of this Security Instrument.

**19. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's Notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant to the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**20. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provide in this paragraph 20 including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**21. Release.** Upon payment of all sums secured by this Security Instrument, Lender enter shall release this Security Instrument without charge to Borrower.

**22. Waiver of Valuation and Appraisement.** Borrower waives all right of valuation and appraisement.

**9. Grounds for Acceleration of Debt.**

(a) **Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

(ii) A Borrower conveys all of his or her title in the Property and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than ninety-nine years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower.

(b) **Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

(ii) For a period of longer than 12 consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under this Security Instrument is not performed.

"Principal residence" shall have the same meaning as in the Loan Agreement.

(c) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in subparagraphs (a) and (b) of this Paragraph 9 occur.

(d) **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under this paragraph 9. Lender shall not have the right to foreclosure until Borrower has had 30 days after notice to either:

(i) Correct the matter which resulted in the Security Instrument coming due and payable; or

(ii) Pay the balance in full; or

(iii) Sell the property for at least 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

(iv) provide the Lender with a deed in lieu of foreclosure.

**10. No Deficiency Judgments.** Borrower shall have no personal liability for payments of the debt. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Property is foreclosed. If this Security Instrument is assigned to the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

**11. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the mortgage lien.

**12. First Lien Status.**

(a) **Modification.**

If state law limits the first lien status of this Security Instrument as originally executed and recorded, to a maximum amount of debt or a maximum number of years, Borrower agrees to execute any additional documents required by the Lender and approved by the Secretary to extend the first lien status to an additional amount of debt and an additional number of years and to cause any other liens to be removed or subordinated as provided in the Loan Agreement.

(b) **Tax Deferral Programs.**

Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

**13. Relationship to Second Security Instrument.**

(a) **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Security Instrument on the Property to the Secretary.

**Riders to this Security Instrument.** If one or more riders are executed by Borrowers and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were in a part of this Security Instrument. Check applicable boxes.

☐ Condominium Rider   ☒ Adjustable Rate Rider   ☐ Growing Equity Rider

☐ Planned Unit Development Rider   ☐ Other

By Signing Below, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Arthur H. Patrick_
Arthur H. Patrick                                    - Borrower

_____
Mary Louise Patrick                                  - Borrower

_Mary Louise Patrick_
                                                     - Borrower

---

STATE OF INDIANA,       Vanderburgh            County ss:

On this   16th          day of  April      ,19 92  , before me, the undersigned, a Notary Public in and for said County, personally appeared   Arthur H. Patrick and Mary Louise Patrick
 Husband and Wife

, and acknowledged the execution of the foregoing instrument.

WITNESS my hand and official seal.

My Commission expires: 2/27/94

_Robert E. Rheinlander_  ROBERT E. RHEINLANDER
Notary Public , RESIDING IN VANDERBURGH COUNTY,
                 INDIANA

This instrument was prepared by:   Susan D. Ward, Assistant Vice President of
                                   Merchants Mortgage Corporation under the
                                   direction of Secretary of Housing and Urban
                                   Development

## ADJUSTABLE RATE RIDER
### (Home Equity Conversion Mortgage)

THIS ADJUSTABLE RATE RIDER is made this 16th day of April , 19 93 and is incorporated into and shall be deemed to amend and supplement the Mortgage, ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to MERCHANTS MORTGAGE CORPORATION, an Indiana Corporation ("Lender")  of the same date and to secure the Loan Agreement of the same date and covering the property described in the Security Instrument and location at: RR 2, Box 393, Dale, Indiana 47523 .

(Property Address)

### THIS RIDER CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

1. Under the Note, the initial stated interest rate of Five & .875 per centrum ( 5.875 %) per annum ("Initial Interest Rate") on the unpaid principal balance is subject to change, as hereinafter described. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance.

2. Each adjustment to the interest rate will be based upon the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year ("Index"; the Index is published in the Federal Reserve Bulletin and made available by the United States Treasury Department in Statistical Release H.15 (519)). If the Index is no longer available, Lender will be required to use any Index prescribed by the Department of Housing and Urban Development. Lender will notify Borrower in writing of any such substitute Index (giving all necessary information for Borrower to obtain such Index) and after the dates of such notice the substitute Index will be deemed to be the Index hereunder.

3. Lender will perform the calculations under Paragraphs 4 or 5 to determine the new adjusted interest rate. The amount of the new adjusted interest rate, if any, will be based on the Borrower's election to have a cap on both the annual and lifetime rate adjustments, or to have a maximum interest rate only for the life of the loan.

### (Check the appropriate box)

[  ] maximum interest rate for life of loan (Paragraph 5 applies).

[ x ] a cap on both the annual and lifetime rate adjustments (Paragraph 4 applies).

4. Annual and Lifetime Caps.

   (a) The First adjustment to the interest rate (if any adjustment is required) will be effective on the first day of June , 1993 , (which date will not be less than twelve months nor more than eighteen months from the date of closing) and thereafter each adjustment to the interest rate will be made effective on that day of each succeeding year ("Change Date") until the loan is repaid in full.

   (b) The amount of the Index will be determined, using the most recently available figure, thirty (30) days before the Change Date ("Current Index").

   (c) One and Sixty Hundredths percent points (" 1.60 %; the "Margin") will be added to the Current Index and the sum of this addition will be rounded to the nearest one-eighth of one percentage point (0.125%). The sum of the rounded Margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date.

(d) The Calculated Interest Rate will be compared to the interest rate being earned immediately prior to the current Change Date (such interest rate being called the "Existing Interest Rate"). Then, the new adjusted interest rate, if any, will be determined as follows:

    (i)    If the Calculated Interest Rate is the same as the Existing Interest Rate, the interest rate will not change.

    (ii)    If the difference between the Calculated Interest Rate and the Existing Interest Rate is less than or equal to two percentage points, the new adjusted interest rate will be equal to the Calculated Interest Rate (subject to the "5% Cap" in Paragraph 4(e).

    (iii)    If the Calculated Interest Rate exceeds the Existing Interest Rate by more than two percentage points, the new adjusted interest rate will be equal to two percentage points higher than the Existing Interest Rate (subject to the 5% Cap).

    (iv)    If the Calculated Interest Rate is less than the Existing Interest Rate by more than two percentage points; the new adjusted interest rate will be equal to two percentage points less than the Existing Interest Rate (subject to the 5% Cap).

(e) Notwithstanding anything contained in this Adjustable Rate Rider, in no event will any new adjusted interest rate be more than five percentage (5%) points higher or lower than the Initial Interest Rate over the term of the Security Instrument.

(f) Any new adjusted rate will become effective on the Change Date and thereafter will be deemed to be the Existing Interest Rate. The new Existing Interest Rate will remain in effect until the next Change Date on which the interest rate is adjusted.

5. Lifetime Maximum Interest Rate.

(a) The first adjustment to the interest rate (if any adjustment is required) will be effective on/A _____, 19___, (which date will be the first day of the second full calendar month after closing) and thereafter each adjustment to the interest rate will be made effective on that day of each succeeding month ("Change Date") until the loan is repaid in full.

(b) The amount of the Index will be determined, using the most recently available figure, thirty (30) days before the Change Date ("Current Index").

(c) __N/A__ percentage points (N/A %; the "Margin") will be added to the Current Index and the sum of this addition will be rounded to the nearest one-eighth of one percentage point (0.125%). The sum of the rounded Margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date.

(d) The lesser of N/A % (the lifetime maximum interest rate) or the Calculated Interest Rate will be the new adjusted rate. The new adjusted rate will become effective on the Change Date and thereafter will be deemed to be the Existing Interest Rate. The new Existing Interest Rate will remain in effect until the next Change Date on which the interest rate is adjusted.

6. (a) If the Existing Interest Rate changes on any Change Date, Lender will apply the new Existing Interest Rate to the total outstanding principal balance. At least twenty-five (25) days before the accrued interest is added to the mortgage balance, Lender will give Borrower written notice ("Adjustment Notice") of any change in the Existing Interest Rate. Each Adjustment Notice will set forth (i) the date the Adjustment Notice is given, (ii) the Change Date, (iii) the new Existing Interest Rate as adjusted on the Change Date, (iv) the Current Index and the date it was published, (v) the method of calculating the adjusted interest rate, and (vi) any other information which may be required by law from time to time.

(b) Borrower agrees to pay the interest rate by having it applied to the outstanding principal balance beginning twenty-five (25) days after Lender has given the Adjustment Notice to Borrower. Borrower will continue to pay the adjusted interest rate amount set forth in the last Adjustment Notice given by Lender to Borrower until twenty-five (25) days after Lender has given a further Adjustment Notice to borrower. Notwithstanding anything to the contrary contained in this Adjustable Rate Rider or the Security Instrument, Borrower will be relieved of any obligation to pay, and Lender will have forfeited its right to collect, any increase in the interest including interest added to the principal (caused by the recalculation of such amount under Paragraphs 4 and 5) before twenty-five (25) days after Lender has given the applicable Adjustment Notice to Borrower.

(c) Notwithstanding anything contained in this Adjustable Rate Rider, in the event that (i) the Existing Interest Rate was reduced on a Change Date, and (ii) Lender failed to give the Adjustment Notice when required, and (iii) Borrower, consequently, paid any interest in excess of the amount which would have been set forth in such Adjustment Notice ("Excess Payments"), then Lender must subtract from the unpaid principal balance all Excess Payments, with interest thereon at a rate equal to the sum of the Margin and the Index on the Change Date when the Existing Interest Rate was so reduced, from the date each such Excess Payment was made by Borrower thereby increasing the available funds under the mortgage by the Excess Payment and the interest thereon.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_Arthur H. Patrick_ _____ (Seal)
~~Arthur H. Patrick~~

_Mary Louise Patrick_ _____ (Seal)
 Mary Louise Patrick

State of Indiana
County of Vanderburgh

The foregoing instrument was acknowledged before me this _16th_ day of _April_ , 19 _92_ by Arthur H. Patrick and Mary Louise Patrick, Husband and Wife.

_Robert E. Rheinlander_ , ROBERT E. RHEINLANDER
Notary Public, RESIDING IN
_Vanderburgh_ County, Indiana

My Commission expires: _2/27_    19 _94_

-3-

Ralph Paulson
P.0. Box 3047
Evansville, IN 47730

CONSENT AND ACKNOWLEDGEMENT

The undersigned Borrowers hereby consent to and acknowledge the following:

1. That a certain Mortgage was executed by and between the undersigned
   as Borrowers/Mortgagors and Merchants Mortgage Corporation, Lender
   on April 16, 1992 in the original principal amount of $61,800.00
   inclusive with an Adjustable Rate Rider which specifies that the
   first adjustment to the interest rate shall be effective on the
   first day of June, 1993 (paragraph 4(a) of the Adjustable Rate Rider);

2. That a certain Second Mortgage was executed by and between the
   undersigned as Borrowers/Mortgagors and the Secretary of
   Housing and Urban Development, as Lender/Secretary on
   April 16, 1992 in the original principal amount of $61,800.00
   inclusive with an Adjustable Rate Rider which specifies that the
   first adjustment to the interest rate shall be effective on the
   first day of June, 1993 (paragraph 4(a) of the Adjustable Rate Rider); Development.
   Further, the Lender/Secretary on the Rider shall be Secretary of Housing & Urban/

3. That the first adjustment to the interest rate shown on the First and
   Second Mortgages should have been May 1, 1993.

4. That the undersigned hereby consents to the Lender under the first Mortgage
   and the Lender/Secretary under the Second Mortgage to correct the first adjustment
   to the interest rate to be effective on May 1, 1993 and re-record both
   mortgages in the Office of the Recorder of Warrick County.

5. Further, the FHA Case number, the address of the Property, and the bottom
   portion of pages 1 and 3 of the Mortgage were either eligible and/or
   omitted.  The undersigned hereby consents to the correction of these items.

6. Other than specified and agreed to herein, there are no other changes
   or modifications to the mortgages and the Borrowers/Mortgagors
   hereby agree to be bound by such modifications.

Dated this ___13th___ day of May, 1992.

_Arthur H. Patrick_
Arthur H. Patrick

_Mary Louise Patrick_
Mary Louise Patrick

This form was prepared by:
Merchants Mortgage Corporation
National City Center
101 West Washington Street, Suite 200E
Indianapolis, Indiana 46255

DATE: 1995-09-12   TIME: 03:28 PM   DOC NO: 1995R-007759
WARRICK COUNTY RECORDER, SHANNON WEISREIT   Pages: 1

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is National City Center, 101 West Washington Street, Suite 200E, Indianapolis, Indiana 46255 does hereby grant, sell, assign, transfer and convey unto Wendover Funding, a corporation organized and existing under the laws of the State of North Carolina (herein "Assignee"), whose address is 725 N. Regional Road, Greensboro, North Carolina 27409, a certain mortgage dated April 16, 1992 made and executed by Merchants Mortgage Corporation, to and in favor of **Arthur H. Patrick and Mary Louise Patrick, Husband and Wife** and given to secure payment of **Sixty-One Thousand, Eight Hundred and 00/100 Dollars (US $61,800.00)**, which mortgage is of record as Number 51749, Mortgage File 3, Card 14748, recorded on April 22, 1992 and RE-RECORDED as Number 67778, Mortgage File 3, Card 19766 on August 6, 1993 in the Recorder's Office of Warrick County, State of Indiana, together with the Note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 31, 1995.

MERCHANTS MORTGAGE CORPORATION

By: _Sondra S. Emberton_
Sondra S. Emberton, Vice President

Attest: _Stephen L. Smith_
Stephen L. Smith, Secretary

State of _Indiana_
County of _Marion_

I, the undersigned, a Notary Public in and for the said County in said State, hereby certify that _Stephen L. Smith_ personally came before me this day and acknowledged that he is the Secretary of Merchants Mortgage Corporation, a corporation organized and existing under the laws of The State of Indiana, and that by authority duly given and as the act of the corporation, the foregoing instrument was signed in its name by its Vice President, sealed with its corporate seal and attested by Stephen L. Smith as its Secretary. Witness my hand and official stamp or seal, this _6th_ day of _Sept._, 1995.

_Cheryl L. Gibson_
Cheryl L. Gibson   - Notary

My Commission Expires: _Sept. 21, 1998_

SEAL

GOVERNMENT
EXHIBIT
_C_

12.⁰⁰

2001R-009811

WARRICK COUNTY RECORDER
RECORDED ON

08-13-2001  10:39 AM

BETTY NIEMEYER
RECORDER OF DEEDS

REC FEE:   12.00
COPY FEE:
PAGES:    2

## INDIANA

COUNTY OF *WARRICK*

POOL NO

PREPARED BY SECURITY
CONNECTIONS, INC.
WHEN RECORDED MAIL TO:
*Security Connections, Inc.*
*620 S. Woodruff Ave.*
*Idaho Falls, ID 83401*

# ASSIGNMENT OF MORTGAGE

ALL MEN BY THESE PRESENTS:

That *WENDOVER FINANCIAL SERVICES CORPORATION, A NORTH CAROLINA CORPORATION*

located at *725 NORTH REGIONAL ROAD, GREENSBORO, NC  27409* ,
party of the first part, for value received has granted, bargained, sold,
assigned, transferred and set over unto *LEHMAN CAPITAL, A DIVISION OF LEHMAN
BROTHERS HOLDINGS, INC., A DELAWARE CORPORATION*

located at *C/O 353 SACRAMENTO STREET, SUITE 420, SAN FRANCISCO, CA  94111*
party of the second part, its successors and assigns, a certain indenture
of mortgage dated *APRIL 16, 1992*       made by *ARTHUR H. PATRICK AND MARY
LOUISE PATRICK, HUSBAND AND WIFE*

to *MERCHANTS MORTGAGE CORPORATION*                   as Beneficiary
securing the payment of one promissory note therein described for the sum
of *SIXTY-ONE THOUSAND EIGHT HUNDRED and NO/100-----*     dollars ($*61,800.00*   )
and all its right,  title and interest in and to the premises situated in
county of *WARRICK*            ,  State of Indiana,  and described in
said mortgage as follows, to wit:
*AS DESCRIBED ON SAID MORTGAGE REFERRED TO HEREIN.*

*Assignment-Interv.-Recorded*

which said mortgage is  recorded  in  the  office  of  the  recorder  of
*WARRICK*                     County, in  the  State  of  Indiana  in
Book/Drawer *3*            at Page/Card  *19766*          , Document#
or Instrument # *67778*            and Microfilm#
together  with the said note  therein described  and the money due  or to
grow due thereon, with the interest:

Page 1 of 2

GOVERNMENT
EXHIBIT

D

2001R-009811

WARRICK COUNTY RECORDER
RECORDED ON

08-13-2001  10:39 AM

BETTY NIEMEYER
RECORDER OF DEEDS

REC FEE:   12.00
COPY FEE:
PAGES:

TO HAVE AND TO HOLD the same unto the said party of the second part, its successors and assigns, forever, subject only to the provisions in the said indenture of mortgage contained.

IN WITNESS WHEREOF, the party of the first part has caused this instrument to be executed in its name by *DIANA ANDERSON* _____ and attested by

This __16th__ day of __JULY 2001__ _____, but effective the __31st__ day of __OCTOBER 2000__ .

ATTEST:

*WENDOVER FINANCIAL SERVICES CORPORATION*
*FORMERLY KNOWN AS WENDOVER FUNDING, INC.*

BY _____
*DIANA ANDERSON*
*ASSISTANT SECRETARY*

BY _____

STATE OF *IDAHO* _____ )
                              )
COUNTY OF *BINGHAM* _____ )

On *JULY 16, 2001* _____, before me, *JOAN COOK* _____ personally appeared *DIANA ANDERSON* _____ and _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) who executed the within instrument as *ASSISTANT SECRETARY* _____ and _____ on behalf of the corporation therein named and acknowledged to me that the corporation executed it.

_____
*JOAN COOK  (COMMISSION EXP. 02-16-07)*
Notary Public

```
JOAN COOK
NOTARY PUBLIC
STATE OF IDAHO
```

PREPARED BY:

_____
*KARLEEN MAUGHAN*
*520 SOUTH WOODRUFF AVE*
*IDAHO FALLS, ID  83401*

Page 2 of 2

2003R-002486

WARRICK COUNTY RECORDER
RECORDED ON

02-12-2003  2:06 PM

BETTY NIEMEYER
RECORDER OF DEEDS

REC FEE:      22.00
COPY FEE:
PAGES:          2

Record and Return to:
Wendover Financial Services Corp.
Attn: Teresa Walker
725 N. Regional Road
Greensboro, NC 27409

Borrower: ARTHUR & MARY PATRICK,

## ASSIGNMENT OF MORTGAGE.

Know All persons by these presents, that the undersigned for and in consideration of One Dollar ($1.00) and other good and valuable consideration to it in hand paid, Assignor: Lehman Capital, a division of Lehman Brothers Holdings, Incorporated; whose address is: 745 7TH Ave., 7TH Fl., New York, NY 10019] does hereby assign to: Secretary of Housing and Urban Development, whose address is: 451 7TH Street SW, Washington, DC 20410, its successors and assigns a certain Mortgage, in the original principal sum of: $61,800.00, executed and delivered by the trustor grantor mortgager: Arthur H. Patrick and Mary Louise Patrick, Husband and Wife, whose address is: R.R.2 Box 393, Dale, Indiana 47523, given to to the trustee: Merchants Mortgage Corporation An Indiana Corporation, with the date of the: 16TH day of April, 1992, together with a NOTE and indebtedness therein mentioned, said Mortgage being recorded on the: 22ND day of April, 1992, referenced as/in 51749 and Re-Recorded on the 6TH day of August, 1993 referenced as/in 67778, File 3 Card 19766, in the office of: County Recorder, located in: Warrick County, in the state of: Indiana; and said Mortgage, being assigned to: Wendover Financial Services Corporation, formerly known as Wendover Funding, Incorporated, by instrument recorded on the: 12TH day of September, 1995, referenced as/in Doc No: 1995R-007759, in the office of: County Recorder, located in: Warrick County, in the state of: Indiana;. and said Mortgage, being assigned to: Lehman Capital, a division of Lehman Brothers Holdings, Incorporated, by instrument recorded on the: 13TH day of August, 2001, referenced as/in 2001R-009811, in the office of: County Recorder, located in: Warrick County, in the state of: Indiana,. This Assignment is made without recourse or warranty, except that the undersigned hereby warrants that:

a.   No act or omission of the undersigned has impaired the validity and priority of the said security instrument.

b.   The security instrument is a good and valid first lien and is prior to all mechanics' and material men's liens filed of record regardless of when such liens attached, and prior to all liens, encumbrances, or defects, which may arise, except such liens or other matters as have been approved by assignee here under;

c.   This is in the original principal sum of: $61,800.00, dollars together with the, interest from the date of the: 16TH day of April, 1992, computed as provided in the credit instrument, is actually due and owing under the said credit instruments;

The undersigned has a good right to assign the said security as described in Exhibit "A" attached hereto and made a part hereof, signed, sealed and delivered _30_ day of _Cember_, 2003.

WITNESS:                                    Assignor: Lehman Capital, a division of Lehman
                                            Brothers Holdings, Incorporated]

_Mary Ann Tonnello_                         By: _____

_Tamara I. Chin_                            Print Name: _Angel Lim_

STATE OF _New York_                         Title: _Vice President_

COUNTY OF _Queens_
On this _30_ day of _Cember_, 2003 before me, the subscriber, a Notary Public in and for said county, personally appeared _Angel Lim_ to me personally known, who being by me duly sworn, did say that she/he is the _Vice President_ of Assignor: Lehman Capital, a division of Lehman Brothers Holdings, Incorporated; and the said instrument was signed on behalf of said corporation, by authority of its board of directors, and _Angel Lim_ acknowledges said instrument to be the free act and deed of said corporation.

_Miriam Caceres_
Notary Public
My Commission Expires: _9-21-06_

MIRIAM CACERES
Notary Public, State of New York
No. 01CA6013586
Qualified in Queens County
Commission Expires September 21, 20_06_

GOVERNMENT
EXHIBIT
E

EXHIBIT "A" TO ASSIGNMENT OF MORTGAGE.
Dated the 30 ᵀᴴ day of January, 2003.
BY AND BETWEEN

Assignor: Lehman Capital, a division of Lehman Brothers Holdings, Incorporated

AND

Assignee: Secretary of Housing and Urban Development,

Legal Description: Ten (10) acres of even width off the East side of the Northwest Quarter of the Southwest Quarter of Section Seventeen (17), Township Four (4) South, Range Six (6) West..

2003R-002486

WARRICK COUNTY RECORDER
RECORDED ON

02-12-2003  2:06 PM

BETTY NIEMEYER
RECORDER OF DEEDS

REC FEE:    22.00
COPY FEE:
PAGES:      2

**INDIANA STATE DEPARTMENT OF HEALTH**

**CERTIFICATE OF DEATH**

Local No. ___   State No. 003165

ATTENTION ESTATE: Disclosure of the SSN on file is voluntary and can not be used to deny an estate relief.

THE RECORDER IN THIS SERVER AN CONFIDENTIAL FEE IS 16-1-10-3.

| DECEASED NAME | SEX | TIME OF DEATH | DATE OF DEATH |
| --- | --- | --- | --- |
| Arthur H. Patrick | Male | 4:14PM | January 18, 1998 |

| SOCIAL SECURITY NUMBER | AGE-Last Birthday | UNDER 1 YEAR | UNDER 1 DAY | DATE OF BIRTH (Mo Day Yr) | BIRTHPLACE (City and State or Foreign Country) |
| --- | --- | --- | --- | --- | --- |
| | 58 | | | | Inlet, NY |

| EVER IN U.S. ARMED FORCES | HOSPITAL | DEAD ON ARRIVAL | Nursing Home | Other (Specify) |
| --- | --- | --- | --- | --- |
| Yes | 1946 | DOA / ER / OP | Residence | Road |

| FACILITY NAME | CITY TOWN OR LOCATION OF DEATH | COUNTY OF DEATH |
| --- | --- | --- |
| Hwy 62 East of Boonville | Begonia Springs | Warrick |

| MARITAL STATUS | SURVIVING SPOUSE | DECEDENT'S USUAL OCCUPATION | KIND OF BUSINESS INDUSTRY |
| --- | --- | --- | --- |
| Married | Mary L. Callahan | Carpenter | Carpentry |

| RESIDENCE STATE | COUNTY | CITY TOWN OR LOCATION | STREET AND NUMBER |
| --- | --- | --- | --- |
| Indiana | Spencer | Dale | Rt 2 Box 393 |

| ZIP CODE | INSIDE CITY LIMITS | ORIGIN OF DECEDENT | RACE | DECEDENT'S EDUCATION | Elementary/Secondary (0-12) | College (1-4 or 5+) |
| --- | --- | --- | --- | --- | --- | --- |
| 47523 | Yes | No | White | | 10 | |

| FATHER'S NAME (First, Middle, Last) | MOTHER'S NAME (First, Middle, Maiden Surname) |
| --- | --- |
| William Patrick | Elizabeth Thibedo |

| INFORMANT NAME (Type/Print) | MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) | Relationship |
| --- | --- | --- |
| Mary L. Patrick | Rt 2 Box 393,  Dale, IN 47523 | Wife |

| METHOD OF DISPOSITION | DATE AND PLACE OF DISPOSITION (Name of cemetery, crematory or other place) | LOCATION - City or Town State |
| --- | --- | --- |
| Burial | Riverview Cemetery | Old Forge, NY |

| EMBALMER'S NAME | EMBALMER'S LICENSE NO. | WAS DEATH REPORTED TO FUNERAL HOME |
| --- | --- | --- |
| Stan Gilham | 29000043 | Yes |

| SIGNATURE OF FUNERAL DIRECTOR | NAME ADDRESS AND LICENSE NUMBER OF FUNERAL HOME |
| --- | --- |
| Lawrence Hagedorn | FH03006570  Zoercher-Gillick Funeral Home  920 Tenth St.,  Tell City, IN 47586-2120 |

**CAUSE OF DEATH**

PART I.   IMMEDIATE CAUSE (Final disease or condition resulting in death)

Conditions if any which gave rise to the immediate cause giving rise to underlying cause last

On file in the Indiana State Department of Health's Registrar's Office

PART II.   Other significant conditions - Conditions contributing to death but not primarily related to Part I

| WAS DECEDENT PREGNANT OR AT DATE PRIOR/RESULT DEATH | WAS AN AUTOPSY PERFORMED | WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH |
| --- | --- | --- |
| No | No | No |

**CERTIFIER**

CERTIFIER (Check only one)   ☐ CERTIFYING PHYSICIAN   ☐ HEALTH DEALER   ☒ CORONER

| SIGNATURE AND TITLE OF CERTIFIER | MEDICAL LICENSE NO | DATE SIGNED (Month Day Year) |
| --- | --- | --- |
| Stan Gilham Chief Dept Coroner | | January 21, 1998 |

NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (TYPE OR PRINT)
Stan Gilham, Deputy Coroner,  6811 Springvale Court,  Newburgh, IN 47630

| HEALTH OFFICER SIGNATURE | DATE FILED (Month Day Year) |
| --- | --- |
| Carla Nass | Jan 26, 1998 |

| MANNER OF DEATH | DATE OF INJURY | TIME OF INJURY | HOUR AT WORK | DESCRIBE HOW INJURY OCCURRED |
| --- | --- | --- | --- | --- |
| ☐ Natural  ☒ Accident  ☐ Suicide  ☐ Homicide | 1-18-98 | 4:14 pm | No | Thrown from car |

| PLACE OF INJURY - At home, farm, street, factory, office building, etc. (Specify) | LOCATION (Street and Number or Rural Route Number City or Town State) |
| --- | --- |
| Hwy 62 East of Boonville | Hwy 62 East of Boonville |

| DATE PRONOUNCED DEAD (Month Day Year) | WAS MOTOR VEHICLE ACCIDENT (Yes or no) If yes specify driver, passenger, pedestrian, etc. |
| --- | --- |
| 1-18-98 | Yes |

EOH100-004   State Form 10110-04   (R4 / 7-93)   0660011APP1



THE ABOVE IS A TRUE COPY OF THE RECORD ON FILE
WITH THE INDIANA STATE DEPARTMENT OF HEALTH.

JUN −5  2014

CERTIFICATE
State Form 26217 (R2 / 7-09)

358103

Not valid unless machine signed with multi-colored ribbon.
It is unlawful to reproduce this record.



GOVERNMENT
EXHIBIT

F

**INDIANA STATE DEPARTMENT OF HEALTH**
**CERTIFICATE OF DEATH**

Local No **000234**          EDR No **000000319442**          State No **019179**

| 1. Decedent's Legal Name (First, Middle, Last) | | 4a. Maiden Name (If any) | | 5. Sex | 6. Time Of Death | 4. Date Of Death (Month/Day/Year) |
|---|---|---|---|---|---|---|
| MARY L PATRICK | | CALLAHAN | | FEMALE | 09:32 AM | 04/17/2013 |

| 5. Social Security Number | 6a. Age–Yrs | 6b. Under 1 Year | 6c. Under 1 Day | 7. Date of Birth (Month/Day/Year) | 8. Birthplace (City and State or Foreign Country) |
|---|---|---|---|---|---|
| | 98 | Months   Days | Hours   Minutes | | UTICA, NY. |

9. If Death Occurred In A Hospital:  ☐ Yes  ☒ No  ☐ Unknown   ☐ Inpatient  ☐ Emergency Department/Outpatient  ☐ Dead on Arrival

10. If Death Occurred Somewhere Other Than A Hospital   ☐ Hospice Facility   ☐ Decedent's Home   ☒ Nursing Home/Long-term Care Facility   ☐ Other (Specify)

| 11. Facility Name (If Not Institution, Give Street and Number) |
|---|
| TRANSCENDENT HEALTHCARE OF BOONVILLE, LLC |

| 12. City Or Town, State, And Zip Code | 13. County Of Death | 14. Marital Status At Time Of Death |
|---|---|---|
| BOONVILLE, IN, 47601 | WARRICK | ☐ Married  ☐ Married, But Separated  ☐ Divorced  ☒ Widowed  ☐ Never Married  ☐ Unknown |

| 15. Surviving Spouse's Name | 15a. (If Wife) Give Maiden Last Name | 16. Decedent's Usual Occupation | 17. Kind Of Business/Industry |
|---|---|---|---|
| | | TEACHER | EDUCATION |

| 18. Residence – State | 18a. County | 18b. City Or Town |
|---|---|---|
| INDIANA | SPENCER | DALE |

| 18c. Street And Number | 18d. Apt. No. | 18e. Zip Code | 18f. Inside City Limits? |
|---|---|---|---|
| 7233 LAUDERDALE ROAD | | 47523 | ☒ Yes  ☐ No |

| 19. Decedent's Education | 20. Decedent Of Hispanic Origin | 21. Decedent's Race |
|---|---|---|
| BACHELOR'S DEGREE (BA, AB, BS) | NOT HISPANIC | White |

| 22. Father's Name (First, Middle, Last) | 23. Mother's Name (First, Middle, Last) | 23a. Mother's Maiden Last Name |
|---|---|---|
| THOMAS CALLAHAN | MILDRED CALLAHAN | COX |

| 24. Informant's Name | 24a. Relationship To Decedent | 24b. Mailing Address (Street And Number, City, State, Zip Code) |
|---|---|---|
| PAUL PATRICK | SON | 7233 LAUDERDALE ROAD, DALE, IN 47523 |

25. Place Of Disposition

| 25a. Method Of Disposition | 25b. Place Of Disposition (Name Of Cemetery, Crematory, Other Place) | 25c. Location – City, Town, and State |
|---|---|---|
| ☒ Burial  ☐ Cremation  ☐ Donation  ☐ Entombment  ☐ Removal From State  ☐ Other (Specify) | RIVERVIEW CEMETERY | UTICA, NY |

| 26. Was Coroner Contacted?  ☐ Yes  ☒ No | 27. Name And Complete Address Of Funeral Facility | 27a. Funeral Home License Number: |
|---|---|---|
| | ZOERCHER GILLICK FUNERAL HOME, 920 10TH STREET, TELL CITY, IN 47586 | FH19900035 |

| 27b. Signature Of Indiana Funeral Service Licensee | 27c. License Number (Of Licensee) |
|---|---|
| JAMIE L. HOESLI, BY ELECTRONIC SIGNATURE | FD29700088 |

**Cause Of Death** (See Instructions And Examples)

28. Part I. Enter The Chain Of Events – Diseases, Injuries, Or Complications – That Directly Caused The Death. Do Not Enter Terminal Events Such As Cardiac Arrest, Respiratory Arrest, Or Ventricular Fibrillation Without Showing The Etiology. Do Not Abbreviate. Enter Only One Cause On A Line. Add Additional Lines If Necessary.    | Approximate Interval: Onset To Death

Immediate Cause (Final Disease Or Condition Resulting In Death)   A.  RECORD ON FILE WITH THE WARRICK COUNTY HEALTH DEPARTMENT.

Sequentially List Conditions, If Any, Leading To The Cause Listed On Line A. Enter The Underlying Cause (Disease Or Injury That Initiated The Events Resulting In Death) Last   B.

C.

D.

Part II. Enter Other Significant Conditions Contributing to Death But Not Resulting In The Underlying Cause Given In Part I

29. Was An Autopsy Performed?  ☐ Yes  ☒ No
30. Were Autopsy Findings Available To Complete The Cause Of Death?  ☐ Yes  ☐ No

| 31. Did Tobacco Use Contribute To Death? | 32. If Female: | 33. Manner Of Death |
|---|---|---|
| ☐ Yes  ☐ Probably  ☐ No  ☒ Unknown | ☐ Not Pregnant At Time Of Death   ☐ Pregnant At Time Of Death   ☐ Not Pregnant, But Pregnant Within 42 Days Of Death   ☐ Not Pregnant, But Pregnant 43 Days To 1 year before Death   ☐ Unknown If Pregnant Within The Past Year | ☒ Natural  ☐ Homicide  ☐ Accident  ☐ Pending Investigation  ☐ Suicide  ☐ Could Not Be Determined |

| 34. Date Of Injury (Month/Day/Year) | 35. Time Of Injury | 36. Place Of Injury (E.G., Decedent's Home, Construction Site, Restaurant, Wooded Area) | 37. Injury At Work?  ☐ Yes  ☐ No |
|---|---|---|---|
| | | | |

| 38. Location Of Injury – State | 38a. City Or Town | 38b. Street And Number | 38c. Apt. No. | 38d. Zip Code |
|---|---|---|---|---|
| | | | | |

| 39. Describe How Injury Occurred | 40. If Transported For Injury, Specify:  ☐ Driver/Operator  ☐ Passenger  ☐ Pedestrian  ☐ Other (Specify) |
|---|---|
| | |

| 41. Signature, Of Person Certifying Cause Of Death | 42. Certifier (Check Only One) | 45. Date Certified |
|---|---|---|
| SYED ABRAR ALI , BY ELECTRONIC SIGNATURE | ☒ Certifying Physician  ☐ Coroner  ☐ Health Officer | 04/22/2013 |

| 43. Name, Address And Zip Code Of Person Certifying Cause Of Death | 44. License Number |
|---|---|
| SYED ABRAR ALI , 1301 MILLIS AVE, BOONVILLE, IN 47601 | 01026430A |

| 46. Additional Funeral Service Provider: | 47. "Alias: |
|---|---|
| | |

| 48. Signature of Local Health Officer: | 49. For Registrar Only – Date Filed (Month/Day/Year) |
|---|---|
| RICKY B YEAGER, VIA ELECTRONIC SIGNATURE | APR 22 2013 |

AMENDMENT TO CERTIFICATE OF DEATH (ENTRY OR ORIGINAL)

State Form 53395   ATTENTION ESTATE: The Social Security # is being requested by this state agency in order to pursue responsibility. Disclosure is voluntary and there will be no penalty for refusal.

THE ABOVE IS A TRUE COPY OF THE RECORD ON FILE WITH THE INDIANA STATE DEPARTMENT OF HEALTH.

JUN -5 2014

358108

CERTIFICATE
State Form 26217 (R3 / 7-09)

Not valid unless machine signed with multi-colored ribbon.
It is unlawful to reproduce this record.



GOVERNMENT EXHIBIT

# Statement of Account

**U.S. Department of Housing and Urban Development**
Office of Finance and Accounting

| HUD Field Office |
|---|
| |

| To   HUD/OFFICE OF GENERAL COUNSEL | 1. FHA Case Number | 2. Account Number |
|---|---|---|
| | 3. Mortgagor/Owner   MARY LOUISE PATRICK | 4. Social Security Number   XXX-X |
| | 5. Co-Mortgagor   ARTHUR H PATRICK | 6. Social Security Number   XXX-XX-XXXX |
| 7. Name of original mortgagor if different from above | 8. Property Address   7233 LAUDERDALE RD DALE IN 47523 | |

## Part 1. General Account Information

| Original Mortgage Amount | Unpaid Principal Balance   $37,809.94 | Escrow Balance | Interest Rate   3.625% | Term |
|---|---|---|---|---|
| Type of mortgage   HECM | Last payment applied | Date | Date of oldest unpaid interest installment | |

| Type of Tax | Year | Amount | Date sent to RAD | Date Deducted from Account |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**Please Note:** The information provided may change subject to un-collectibles from previous owner or foreclosures of other costs incurred but not posted against the account.

| Part 2. Assumption Information / Bring Current Information | | Part 3. Payoff Information | |
|---|---|---|---|
| Other mortgage is to be assumed: 1. Remit certified funds to bring account current; 2. Provide a copy of the conveyance document; 3. Provide letter from seller authorizing transfer of escrow funds to buyer (no escrow funds will be refunded); 4. Provide verification of Hazard Insurance coverage. | | Principal Balance | $37,809.94 |
| | | Interest Due | $72,287.31 |
| **Bring Current Amount** | | Service Charge | $8,095.00 |
| Principal | $37,809.94 | Late Charge | |
| Interest | $72,287.31 | Returned Check Charge | |
| Tax Escrow Required | | Advance Amount | |
| Service Charge | $8,095.00 | Tax Escrow Applied | |
| Late Charge | | Other (specify) MIP | $9,888.77 |
| Tax Advance | | | |
| Other (specify) MIP | $9,888.77 | | |
| Interest on Advances | | Interest on Advances | |
| Total to Bring Current   as of:   02/28/2019 | $128,081.02 | Taxes Paid but Not Posted | |
| Current Monthly Payment   Principal and Interest | | Total Payoff Amount   as of:   02/28/2019 | $128,081.02 |
| Tax Escrow | | Per Diem Service Charge | |
| Service Charge | | Per Diem Interest | $14.47 |
| Total Monthly Payment   See back of page if mortgage is 235 | | | |

| Prepared by   Ashanta Tucker | Title   CASH MANAGEMENT | Date   02/28/2019 |
|---|---|---|

I hereby certify that the above is a true and correct statement of the unpaid balance due on the Note and Mortgage (or Deed of Trust) identified above and held by the Secretary of the U.S. Department of Housing and Urban Development.

**Warning:** HUD will prosecute false claims and statements. Conviction may result in criminal and/or civil penalties. (18 U.S.C. 1001, 1010, 1012; 31 U.S.C. 3729, 3802)

| Certified by   DAVID DAVIS | Title   CASH MANAGEMENT | Date   02/28/2019 |
|---|---|---|

form HUD-698 (1/89)

**GOVERNMENT EXHIBIT**

*H*

**Sensitive Information:** The information collected on this form is considered sensitive and is protected by the Privacy Act. The Privacy Act requires that these records be maintained with appropriate administrative, technical, and physical safeguards to ensure their security and confidentiality. In addition, these records should be protected against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom the information is maintained.

**If the Mortgage is receiving subsidy**

Anniversary date

Date of last recertification

Monthly subsidy

Mortgagor's payment

Full mortgage payment

**Affidavit as to Status of Account**

State of OKLAHOMA

County of OKLAHOMA

On this 28 day of (mm/yyyy) 02/2019 ,

personally appeared before me, the undersigned attesting officer, HEATHER CAMPBELL ,

who being sworn on oath, says that he/she is the LOAN SERVICING MANAGER

of the Department of Housing and Urban Development, a duly constituted agency of the United States of America, that he/she is duly authorized to make this affidavit; that the foregoing statement was prepared from the books and records of the Department of Housing and Urban Development on 02/28/2019 , and that affidavit has cusody of the said books and records and to the best of his/her knowledge and belief the foregoing statement correctly reflects the status of the account as of 02/28/2019 .

Sworn and Subscribed before me this 28 day of 02/2019

Notary Public

KENZIE MCCRARY
Notary Public
State of Oklahoma
Commission # 18003568 Expires 04/09/22

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Unknown Heirs of Arthur H. Patrick, et al<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 3:19-CV-50<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Paul Patrick
7233 Lauderdale Road
Dale, IN 47523

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Unknown Heirs of Arthur H. Patrick, et al | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No. *3 : 19 - c v - 50*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Lawrence Patrick
203 Kimberly Drive
Belton, MI 64012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: